United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Denise McNair, Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 21-21048-Civ-Scola |
| | ) | |
| Royal Caribbean Cruises, Ltd., | ) | |
| Defendant. | ) | |

**Order Requiring Amended Complaint**

This matter is before the Court on an independent review of the record. This maritime tort action arises from injuries allegedly sustained by the Plaintiff Denise McNair when she slipped and fell while a passenger aboard a ship operated by the Defendant Royal Caribbean Cruises Ltd. (ECF No. 1.) For the reasons set forth below, the Court **strikes** the Plaintiff's complaint and demand for jury trial.

**1. Shotgun Pleading**

Upon review of the Plaintiff's complaint, the Court finds it is an impermissible shotgun pleading. "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294–95 (11th Cir. 2018). They violate Federal Rules of Civil Procedure 8(a)(2) and 10(b), "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Id.* (quotations and alterations omitted). When presented with a shotgun pleading, a district court "should strike the pleading and instruct counsel to replead the case—if counsel could in good faith make the representations required by Fed. R. Civ. P. 11(b)." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357–58 (11th Cir. 2018) ("This is so even when the other party does not move to strike the pleading."). The Eleventh Circuit has identified four rough types of shotgun pleadings: 1) "the most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; 2) a complaint that commits the "venial sin" of being replete with conclusory, vague, and immaterial facts; 3) a pleading that fails to separate into a different count each cause of action; and 4) where a plaintiff asserts multiple claims against multiple defendants but fails to specify which

defendants the respective claims are brought against. *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015).

The Court finds that the Plaintiff's complaint is the third type of shotgun pleading identified by the Eleventh Circuit. In violation of the Federal Rules, the complaint fails to make any attempt to clearly state the cause of action or causes of action the Plaintiff alleges against the Defendant. The Plaintiff is warned that any attempts to lump multiple claims into a single cause of action will not be well taken and will result in the Court striking the Plaintiff's complaint once again, or potentially in dismissal of this action as set forth below. *See, e.g., Wheeler v. Carnival Corp.*, No. 20-20859-Civ, 2020 WL 977935, at *1 (S.D. Fla. Feb. 28, 2020) (Scola, J.) ("Within the third 'general negligence' count, Wheeler attempts to cram multiple, distinct theories of liability into one claim. Each distinct theory, however, is a separate cause of action that must be asserted independently and with corresponding supporting factual allegations.")).

## 2. Jury Trial Demand

The Plaintiff asserts that she is proceeding under diversity jurisdiction, but also states that "in the alternative, this action arises out of the General Maritime Law jurisdiction of the Court." (ECF No. 1 at ¶ 6.) Based on her jurisdictional allegations, the Plaintiff cannot proceed under diversity jurisdiction because the parties are not diverse as both the Plaintiff and Royal Caribbean are citizens of Florida. (ECF No. 1 at ¶¶ 2-3.) Nevertheless, the Plaintiff demands a trial by jury. The Plaintiff's demand for a jury trial is incompatible with a case proceeding solely under the Court's admiralty jurisdiction. *See Beiswenger Enterprises Corp. v. Carletta*, 86 F.3d 1032, 1037 (11th Cir. 1996) ("[A]s in all admiralty cases, there is no right to a jury trial."); *Barry v. Shell Oil Co.*, No. CIVA 13-6133, 2014 WL 775662, at *3 (E.D. La. Feb. 25, 2014) ("As Plaintiff's claims here are solely based on general maritime law and there is a lack of diversity among the parties, there is no way for Plaintiff to have a trial by jury in this Court.").

## 3. Conclusion

Accordingly, the Court **strikes** the Plaintiff's complaint and demand for jury trial, (**ECF No. 1**), as a shotgun pleading. The Plaintiff may file an amended complaint by **April 1, 2021**, provided it complies with this order, Federal Rules of Civil Procedure 8(a) and 10(b), and the *Iqbal/Twombly* standard. Specifically, the Plaintiff must assert each theory of liability as a separate cause of action, being careful not to include redundant claims in her amended pleading.

Moreover, upon repleading, the Plaintiff is warned against alleging facts in the alternative. "Either a fact or conclusion is alleged or isn't. And any legal conclusions that form the basis for any claims must be made in good faith and supported by factual allegations." *Sanlu Zhang v. Royal Caribbean Cruises, Ltd.*, No. 19-20773-Civ., 2019 WL 8895224, at *2 (S.D. Fla. March 7, 2019) (Scola, J.); *see also* Fed. R. Civ. P. 11. Upon repleading, the Plaintiff must ensure that it has a reasonable basis, based on the facts of this case, that there are indeed facts that underscore every allegation in the complaint. The Court cannot discern which factual allegations Plaintiff actually asserts in her complaint when facts are plead in the alternative. Therefore, the Plaintiff must remove any "and/or" alternative factual pleadings from her amended complaint.

Further, the Court notes that a case proceeding solely under the Court's admiralty jurisdiction is not entitled to a jury trial.

The Plaintiff is forewarned that failure to comply with this order may result in the dismissal of this case with prejudice or other appropriate sanctions. *See Jackson*, 898 F.3d at 1358-59 (instructing that "if the plaintiff fails to comply with the court's order—by filing a repleader with the same deficiency—the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions." (quotations omitted)).

**Done and ordered**, in Chambers, in Miami, Florida on March 18, 2021.

_____
Robert N. Scola, Jr.
United States District Judge